RECEIVED
Aug 13. 2009
AUG 1 3 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
SEPTEMBER 2, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kevin Patrick Wheeler

(Name of the plaintiff or plaintiffs)

v.

Lisle-Woodridge Fire District

(Name of the defendant or defendants)

09CV4962
Judge Ronald A. Guzman
Magistrate Judge Susan E. Cox

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Kevin Patrick Wheeler of the county of Will in the state of Illinois.

3. The defendant is Lisle-Woodridge Fire Dist, et.al, whose street address is 1005 School St.
(city) Lisle (county) DuPage (state) Illinois (ZIP) 60532
(Defendant's telephone number) (630) - 353 - 3000

4. The plaintiff sought employment or was employed by the defendant at (street address)
1005 School St. (city) Lisle
(county) DuPage (state) IL (ZIP code) 60532

5. The plaintiff [*check one box*]

   (a) ☑ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) May, (day) 10, (year) 2005.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☑ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) November (day) 03 (year) 2005.

   (ii) ☑ the Illinois Department of Human Rights, on or about (month) November (day) 03 (year) 2005.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____
(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) May (day) 13 (year) 2009 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☑ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Plaintiff was denied employment due to a medical disorder (seizures) without the benefit of an individualized assessment. After collecting plaintiff's medical information, plaintiff was summararily rejected and did not see a physician. Respondent did not reject other individuals in similar circumstances

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☑ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a) ☐ Direct the defendant to hire the plaintiff.

   (b) ☐ Direct the defendant to re-employ the plaintiff.

   (c) ☐ Direct the defendant to promote the plaintiff.

   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

   (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

   (f) ☑ Direct the defendant to (specify): to conduct an individualized medical assessment to determine fitness for employment

5

_____

_____

_____

_____

_____

(g) ☐ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Kevin Wheeler_

(Plaintiff's name)

_Kevin Wheeler_

(Plaintiff's street address)

_667 Turtledove Lane_

_New Lenox, IL 60451_

(City) _New Lenox_ (State) _IL_ (ZIP) _60451_

(Plaintiff's telephone number) (_815_) - _462-4678_

Date: _8/17/2009_ kw

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

(06W1103-07)

AGENCY: ☒ IDHR ☐ EEOC

CHARGE NUMBER: 2006CF1057

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) Mr. Kevin Patrick Wheeler | HOME TELEPHONE (include area code) ~~(630) 243-1546~~ 815-462-4678 |
|---|---|
| STREET ADDRESS ~~171 Shannon Court~~ | CITY, STATE AND ZIP CODE Lemont, IL. 60439 | DATE OF BIRTH 09/15/81 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME Lisle-Woodridge Fire District | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (630) 353-3000 |
|---|---|---|
| STREET ADDRESS 1005 School Street | CITY, STATE AND ZIP CODE Lisle, IL. 60532 | COUNTY DuPage (043) |

| CAUSE OF DISCRIMINATION BASED ON: Physical Handicap     Perceived Handicap | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) 05/10/05 ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.  ISSUE/BASIS

   FAILURE TO HIRE, ON OR ABOUT MAY 10, 2005, BECAUSE OF MY PHYSICAL HANDICAP, SEIZURE DISORDER (EPILEPSY).

   B.  PRIMA FACIE ALLEGATIONS

   1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

   2. Respondent was aware of my condition.

(Continued)

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

[signature]  11/03/05

NOTARY SIGNATURE      MONTH DATE-YEAR

"OFFICIAL SEAL"
DAVID D'HANSEL
Notary Public, State of Illinois
My Commission Expires 04/09/07

NOTARY SEAL

X [signature Kevin Wheeler]  11/3/05
SIGNATURE OF COMPLAINANT      DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

3. During 2004, Respondent advertised employment vacancies for full time Fire Medic positions. I was qualified for, and applied for one of Respondent's employment vacancies.

4. After having successfully completed Respondent's written examination, physical agility examination, oral examination, and other prerequisites, I was subsequently given a conditional offer of employment by Dennis Callan (non-handicapped), Chairman of the Board of Commissioners for Respondent, and Terry Vavra (non-handicapped), Respondent's Deputy Chief.

5. On or about May 10, 2005, I received notification from Callan that I was being denied the hiring opportunity due to the presence of a seizure disorder.

6. I believe that there have been other, similarly situated, non-handicapped applicants, that have demonstrated physical, psychological, and other qualifications which are similar to mine, but they were not denied Respondent's hiring opportunities for a full time fire medic position as I was.

7. My handicapping condition does not prohibit me from performing the essential duties and responsibilities of the full time fire medic's position, with or without reasonable accommodations.

II. A. ISSUE/BASIS

FAILURE TO HIRE, ON OR ABOUT MAY 10, 2005, BECAUSE OF RESPONDENT'S PERCEPTION OF A PHYSICAL HANDICAP, SEIZURE DISORDER (EPILEPSY).

B. PRIMA FACIE ALLEGATIONS

1. Respondent erroneously perceived that I possessed a physically handicapping condition.

2. After having successfully completed Respondent's written examination, physical agility examination, oral examination, and other prerequisites, I was subsequently given a conditional offer of employment by Dennis Callan (non-handicapped), Chairman of the Board of Commissioners for Respondent, and Terry Vavra (non-handicapped), Respondent's Deputy Chief.

(Continued)

Charge Number: 2006CF1057
Kevin Patrick Wheeler
Page 3

      3. On or about May 10, 2005, I received notification from Callan that I was being denied the hiring opportunity due to the presence of a seizure disorder.

ACF/JJT/RCG

EEOC Form 161 (2/08)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Kevin P. Wheeler<br>667 Turtledove Lane<br>New Lenox, IL 60451 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7000 1670 0012 6740 4487**

[ ]   On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00231 | Cristina Wodka,<br>Investigator | (312) 353-1401 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (*briefly state*)    **The Commission has ceased further processing of this Charge.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____John P. Rowe_____      5-11-09
Enclosures(s)      John P. Rowe,      (Date Mailed)
     District Director

cc:    **LISLE-WOODRIDGE FIRE DISTRICT**

LAW OFFICES OF
LAURIE J. WASSERMAN

MAY 1* 2009

EEOC Form 161 (2/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kevin P. Wheeler<br>667 Turtledove Lane<br>New Lenox, IL 60451 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7000 1670 0012 6740 4487**

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00231 | Cristina Wodka, Investigator | (312) 353-1401 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **The Commission has ceased further processing of this Charge.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*      5-11-09

Enclosures(s)     John P. Rowe,     *(Date Mailed)*
District Director

cc:    **LISLE-WOODRIDGE FIRE DISTRICT**

LAW OFFICES OF
LAURIE J. WASSERMAN

MAY 1 2009