UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 16 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Kevin Patrick Wheeler, )
)
Plaintiff, )
) No. 09CV4962
v. ) Judge Ronald A. Guzman
) Magistrate Judge Susan E. Cox
Lisle-Woodridge Fire District, )
)
Defendant. )

### NOTICE OF FILING AND MAILING

Mr. Stephen DiNolfo
OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD.
1804 N. Naper. Blvd., Ste. 350
Naperville, Illinois 60563

PLEASE TAKE NOTICE that on the 8th day of February, 2010, I mailed the United States District Court for the Northern District of Illinois, Eastern Division, **PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**, a copy of which is attached hereto.

Kevin Patrick Wheeler, *Pro-Se*
667 Turtledove Lane
New Lenox, Illinois 60451
(815) 462-4678

### PROOF OF SERVICE

I, the undersigned, on oath state that I mailed a true and correct copy of this Notice to the Court and to the above named person on this 8th day of February, 2010.

Kevin Patrick Wheeler

SUBSCRIBED AND SWORN TO before me
this 8th day of February, 2010.

Donna Baumruk
Notary Public


"OFFICIAL SEAL"
DONNA BAUMRUK
COMMISSION EXPIRES 12/07/10



**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
FEB 1 6 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Kevin Patrick Wheeler, )
)
Plaintiff, )
) No. 09CV4962
v. ) Judge Ronald A. Guzman
) Magistrate Judge Susan Cox
Lisle-Woodridge Fire District, )
)
Defendant. )

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### JURISDICTION AND VENUE

1. This is an action pursuant to the Americans with Disabilites Act of 1990 ("ADA"), 42. U.S.C. §12101 *et seq.* This Court has jurisdiction under and by virtue of 28 U.S.C. §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. §1391 as the acts complained of arose in this district.

3. Plaintiff has fully complied with all procedural requirements of the ADA. Plaintiff filed a Complaint against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right To Sue on May 15, 2009, and filed suit with this Court on August 13, 2009, within the 90 day statutory time period.

### PARTIES

4. At all times herein mentioned, Plaintiff, Kevin Patrick Wheeler, was an applicant seeking employment with the named Defendant, Lisle-Woodridge Fire District.

5. At all times herein mentioned, Defendant was and is believed and alleged to be a duly organized, existing, and functioning local unit of government operating within the jurisdiction of this Court. Defendant is an employer subject to suit under the ADA in that the Defendant is a unit of local government and is exempted from the minimum employee threshold, or in all cases has employed more than fifteen

(15) employees in the preceding calendar year or more than fifteen (15) employees in the calendar year preceding the Complaint of discrimination.

## **FACTUAL ALLEGATIONS**

6. Defendant is a Fire Protection District engaged in fire suppression, prevention, emergency medical services and other services as a local unit of government primarily located in Lisle, Illinois.

7. At all relevant times mentioned, Plaintiff was a qualified individual with a disability, a record of a disability, or an individual that was perceived to have a disability.

8. In or around 2004, Plaintiff responded to an advertisement that the Defendant was seeking to establish an eligibility list in which to hire full time Fire-Medic employees.

9. Plaintiff successfully completed all components and was placed on the Final Eligibility Roster after completing a written exam, a physical agility examination, and an oral panel interview.

10. In or around April, 2005, Plaintiff was contacted by the Defendant's Deputy Chief, Terrence Vavra, and was given a conditional offer of employment, pending a successful background criminal investigation and physical examination.

11. Plaintiff successfully completed the background and criminal examination.

12. In or around April, 2005, Plaintiff was sent by the Defendant to Edward Corporate Health, located in Naperville, Illinois for a physical examination. Upon arriving, Plaintiff filled out numerous questionnaires and revealed in a document that Plaintiff was being treated for a seizure disorder.

13. Plaintiff was brought to a treatment room within Edward Corporate Health. After some period of waiting, Plaintiff was notified by Edward Corporate Health staff that he was released from their services; the doctor determined Plaintiff was not fit for duty, without ever assessing Plaintiff.

14. After some time, Plaintiff was re-contacted and was ordered to return to Edward Corporate Health.

15. Plaintiff asked for another physician to conduct the assessment to ensure that the Plaintiff would be treated fairly, which the physician then denied. The physician went so far as to encourage the Plaintiff to not go through with the physical evaluation since "it didn't matter."
16. The Plaintiff made efforts to communicate to the Defendant that there was serious concern about a lack of a individualized evaluation or other discrimination, to which the Defendant did not respond.
17. On May 10, 2005, Defendant refused to hire Plaintiff.
18. Plaintiff believes that there are other, similarly situated disabled and non-disabled individuals who have demonstrated physical, psychological and other qualifications which are similar to Plaintiff, but were not denied a full time position with the Defendant as a Fire-Medic.

## COUNT I
## FAILURE TO HIRE PLAINTIFF,
## ON OR ABOUT MAY 15, 2005, DUE TO PHYSICAL HANDICAP, SEIZURES

19. Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.
20. Plaintiff is an individual with a handicap pursuant the Americans with Disabilities Act.
21. Defendant was aware of Plaintiffs condition.
22. During 2004, Defendant advertised employment vacancies for full time Fire Medic positions. Plaintiff was qualified for, and applied for one of Defendant's employment vacancies.
23. After having successfully completed Respondent's written examination, physical agility examination, oral examination and other prerequisites, Plaintiff was given a conditional offer of employment by Dennis Callan (non-handicapped), Chairman of the Board of Fire Commissioners for Defendant, and Terry Vavra (non-handicapped), Defendant's Deputy Chief.

24. On or about May 10, 2005, Plaintiff received notification from Callan that Plaintiff was being denied the hiring opportunity due to the presence of a seizure disorder.
25. Plaintiff believes that there have been other, similarly situated, non-handicapped applicants, that have demonstrated physical, psychological, and other qualifications which are similar to mine, but they were not denied Defendant's hiring opportunities for a full time fire-medic position as Plaintiff was.
26. Plaintiff's handicapping condition does not prohibit him from performing the essential duties and responsibilities of the full time fire medic's position, with or without reasonable accommodations.

## COUNT II
## FAILURE TO HIRE PLAINTIFF, ON OR ABOUT MAY 10, 2005, BECAUSE OF DEFENDANT'S PERCEPTION OF A PHYSICAL HANDICAP, SEIZURES

27. Defendant erroneously perceived that Plaintiff possesses a physically handicapping condition.
28. After having successfully completed Respondent's written examination, physical agility examination, oral examination and other prerequisites, Plaintiff was given a conditional offer of employment by Dennis Callan (non-handicapped), Chairman of the Board of Fire Commissioners for Defendant, and Terry Vavra (non-handicapped), Defendant's Deputy Chief.
29. On or about May 10, 2005, Plaintiff received notification from Callan that Plaintiff was being denied the hiring opportunity due to the presence of a seizure disorder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kevin Patrick Wheeler, hereby requests the following relief be granted:

A. That the Court order that the Plaintiff be evaluated by a physician consistent with the letter and spirit of the Americans with Disabilities Act;

B. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: *[signature: Kevin Wheeler]*

Kevin Patrick Wheeler, *Pro Se*
667 Turtledove Lane
New Lenox, Illinois 60451
815.462.4678