**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kevin Patrick Wheeler, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 09CV4962 |
| ) | Judge Ronald A. Guzman |
| Lisle-Woodridge Fire ) | |
| Protection District, ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendant. ) | |

**ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**JURISDICTION AND VENUE**

NOW COMES the Defendant, LISLE-WOODRIDGE FIRE PROTECTION DISTRICT by and through their attorney STEPHEN H. DINOLFO from OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD. and for its Answer to amended Complaint for Violation of Civil Rights Jurisdiction and Venue filed by the Plaintiff respectfully states as follows:

1. This is an action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42. U.S.C. §12101 *et seq.* This Court has jurisdiction under and by virtue of 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits to the allegations contained in Paragraph 1 of the Amended Complaint.

2. Venue is founded in this judicial district upon 28 U.S.C.§1391 as the acts complained of arose in this district.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Plaintiff has fully complied with all procedural requirements of the ADA. Plaintiff filed a Complaint against the Defendant with the Equal Employment Opportunity

Commission ("EEOC") and received a Notice of Right to Sue on May 15, 2009, and filed suit with this Court on August 13, 2009, within the 90 day statutory time period.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 3 of the Amended Complaint.

## PARTIES

4. At all times herein mentioned, Plaintiff, Kevin Patrick Wheeler, was an applicant seeking employment with the named Defendant, Lisle-Woodridge Fire District.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits the allegations contained in Paragraph 4 of the Amended Complaint.

5. At all times herein mentioned, Defendant was and is believed and alleged to be a duly organized, existing, and functioning local unit of government operating within the jurisdiction of this Court. Defendant is an employer subject to suit under the ADA in that the Defendant is a unit of local government and is exempted from the minimum employee threshold, or in all cases has employed more than fifteen (15) employees in the preceding calendar year or more than fifteen (15) employees in the calendar year preceding the Complaint of discrimination.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits the allegations contained in Paragraph 5 of the Amended Complaint.

## FACTUAL ALLEGATIONS

6. Defendant is a Fire Protection District engaged in fire suppression, prevention, emergency medical services and other services as a local unit of government primarily located in Lisle, Illinois.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits the allegations contained in Paragraph 6 of the Amended Complaint.

7. At all relevant times mentioned, Plaintiff was a qualified individual with a disability, a record of a disability, or an individual that was perceived to have a disability.

2

Lisle-Woodridge FPD/Wheeler / Claim Number ILTR 205120221 / Answer to Plaintiff's Amended Complaint Jurisdiction & Venue /37432

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 7 of the Amended Complaint.

8. In or around 2004, Plaintiff responded to an advertisement that the Defendant was seeking to establish an eligibility list in which to hire full time Fire-Medic employees.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 8 but demands strict proof thereof.

9. Plaintiff successfully completed all components and was placed on the Final Eligibility Roster after completing a written exam, a physical agility examination, and an oral panel interview.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits the allegations contained in Paragraph 9 of the Amended Complaint.

10. In or around April, 2005, Plaintiff was contacted by the Defendant's Deputy Chief, Terrance Vavra, and was given a conditional offer of employment, pending a successful background criminal investigation and physical examination.

**ANSWER:** Defendant, Lisle-Woodridge Fire Protection District neither admits or denies the allegations contained in Paragraph 10 of the Amended Complaint and demands strict proof thereof.

11. Plaintiff successfully completed the background and criminal examination.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits the allegations contained in Paragraph 11 of the Amended Complaint.

12. In or around April, 2005, Plaintiff was sent by the Defendant to Edward Corporate Health, located in Naperville, Illinois for a physical examination. Upon arriving, Plaintiff filled out numerous questionnaires and revealed in a document that Plaintiff was being treated for a seizure disorder.

3

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 12 but demands strict proof thereof.

13. Plaintiff was brought to a treatment room within Edward Corporate Health. After some period of waiting, Plaintiff was notified by Edward Corporate Health staff that he was released from their services; the doctor determined Plaintiff was not fit for duty, without ever assessing Plaintiff.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 13 but demands strict proof thereof.

14. After some time, Plaintiff was re-contacted and was ordered to return to Edward Corporate Health.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 14 but demands strict proof thereof.

15. Plaintiff asked for another physician to conduct the assessment to ensure that the Plaintiff would be treated fairly, which the physician then denied. The physician went so far as to encourage the Plaintiff to not go through with the physical evaluation since "it didn't matter."

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 15 but demands strict proof thereof.

16. The Plaintiff made efforts to communicate to the Defendant that there was serious concern about a lack of a individualized evaluation or other discrimination, to which the Defendant did not respond.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 16 but demands strict proof thereof.

17. On May 10, 2005, Defendant refused to hire Plaintiff.

4

Lisle-Woodridge FPD/Wheeler / Claim Number ILTR 205120221 / Answer to Plaintiff's Amended Complaint Jurisdiction & Venue /37432

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits so much of Paragraph 17 that the conditional offer of employment was withdrawn. Defendant denies the remaining allegations of Paragraph 17.

18. Plaintiff believes that there are other, similarly situated disabled and non-disabled individuals who have demonstrated physical, psychological and other qualifications which are similar to Plaintiff, but were not denied a full time position with the Defendant as a Fire-Medic.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District neither admits nor denies the allegations contained in Paragraph 18 but demands strict proof thereof.

WHEREFORE the defendant LISLE-WOODRIDGE FIRE PROTECTION DISTRICT prays that this Court enter judgment in its favor, the Plaintiff take nothing on his complaint, that it be awarded its costs in this matter and for any further relief deemed just and appropriate.

## COUNT I

### FAILURE TO HIRE PLAINTIFF, ON OR ABOUT MAY 15, 2005, DUE TO PHYSICAL HANDICAP, SEIZURES

19. Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District realleges and incorporates its answers to Paragraphs 1 through 18 as though fully set out herein

20. Plaintiff is an individual with a handicap pursuant the Americans with Disabilities Act.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendant was aware of Plaintiff's condition.

Lisle-Woodridge FPD/Wheeler / Claim Number ILTR 205120221 / Answer to Plaintiff's Amended Complaint Jurisdiction & Venue /37432

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. During 2004, Defendant advertised employment vacancies for full time Fire Medic positions. Plaintiff was qualified for, and applied for one of Defendant's employment vacancies.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits to so much of Paragraph 22 that an advertisement was placed but denies the remaining allegations of Paragraph 22.

23. After having successfully completed Respondent's written examination, physical agility examination, oral examination and other prerequisites, Plaintiff was given a conditional offer of employment by Dennis Callan (non-handicapped), Chairman of the Board of Fire Commissioners for Defendant, and Terry Vavra (non-handicapped), Defendant's Deputy Chief.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits so much that Plaintiff was given a conditional offer of employment by Dennis Callan, but denies the remaining allegations of Paragraph 23.

24. On or about May 10, 2005, Plaintiff received notification from Callan that Plaintiff was being denied the hiring opportunity due to the presence of a seizure disorder.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations of Paragraph 24.

25. Plaintiff believes that there have been other, similarly situated, non-handicapped applicants, that have demonstrated physical, psychological, and other qualifications which are similar to mine, but they were not denied Defendant's hiring opportunities for a full time fire-medic position as Plaintiff was.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Plaintiff's handicapped condition does not prohibit him from performing the essential duties and responsibilities of the full time fire medic's position, with or without reasonable accommodations.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 26 of the Amended Complaint.

WHEREFORE the defendant LISLE-WOODRIDGE FIRE PROTECTION DISTRICT prays that this Court enter judgment in its favor, the Plaintiff take nothing on his complaint, that it be awarded its costs in this matter and for any further relief deemed just and appropriate.

## COUNT II

### FAILURE TO HIRE PLAINTIFF, ON OR ABOUT MAY 10, 2005, BECAUSE OF DEFENDANT'S PERCEPTION OF A PHYSICAL HANDICAP, SEIZURES

27. Defendant erroneously perceived that Plaintiff possesses a physically handicapping condition.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations contained in Paragraph 26 of the Amended Complaint.

28. After having successfully completed Respondent's written examination, physical agility examination, oral examination and other prerequisites, Plaintiff was given a conditional offer of employment by Dennis Callan (non-handicapped), Chairman of the Board of Commissioners for Defendant, and Terry Vavra (non-handicapped), Defendant's Deputy Chief.

7

Lisle-Woodridge FPD/Wheeler / Claim Number ILTR 205120221 / Answer to Plaintiff's Amended Complaint Jurisdiction & Venue /37432

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District admits so much that Plaintiff was given a conditional offer of employment by Dennis Callan, but denies the remaining allegations of Paragraph 28.

29. On or about May 10, 2005, Plaintiff received notification from Callan that Plaintiff was being denied the hiring opportunity due to the presence of a seizure disorder.

**ANSWER:** Defendant Lisle-Woodridge Fire Protection District denies the allegations of Paragraph 29.

WHEREFORE the defendant LISLE-WOODRIDGE FIRE PROTECTION DISTRICT prays that this Court enter judgment in its favor, the Plaintiff take nothing on his complaint, that it be awarded its costs in this matter and for any further relief deemed just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant, LISLE-WOODRIDGE FIRE PROTECTION DISTRICT, submits the following as and for its affirmative defenses in this cause:

### AFFIRMATIVE DEFENSE NO. 1

1. It was the duty of Plaintiff to take steps to mitigate the damages he claims to have suffered in his complaint.

2. Plaintiff failed to mitigate his damages.

### AFFIRMATIVE DEFENSE NO. 2

1. Plaintiff failed to file this action within ninety days of receipt of the Notice of Right to Sue from the Equal Employment Opportunity Commission.

WHEREFORE, Defendant, LISLE-WOODRIDGE FIRE PROTECTION DISTRICT, requests that Plaintiff's requested relief be denied, judgment entered in favor

8

Lisle-Woodridge FPD/Wheeler / Claim Number ILTR 205120221 / Answer to Plaintiff's Amended Complaint Jurisdiction & Venue /37432

of Defendants on all counts, that Defendants be awarded their costs and for any further relief deemed just and appropriate.

                                                 Respectfully Submitted:

                                                 /s/ Stephen H. DiNolfo
                                                 Stephen H. DiNolfo
                                                 One of its Attorneys
                                                 Ottosen Britz Kelly Cooper & Gilbert, Ltd.

OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD.
Stephen H. DiNolfo
1804 N. Naper Blvd., Ste. 350
Naperville, IL   60563
(630) 682-0085
ARDC No. 6206823

9

Lisle-Woodridge FPD/Wheeler / Claim Number ILTR 205120221 / Answer to Plaintiff's Amended Complaint Jurisdiction & Venue /37432