IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN P. WHEELER,<br><br>              Plaintiff,<br><br>v.<br><br>LISLE-WOODRIDGE FIRE<br>PROTECTION DISTRICT,<br><br>              Defendant. | Case No. 09-cv-4962<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Susan E. Cox |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin P. Wheeler ("Plaintiff") filed this action against Defendant Lisle-Woodridge Fire Protection District ("Defendant" or "Fire District") alleging Defendant failed to hire him as a Fire-Medic[1] in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* The Fire District now moves the Court for summary judgment alleging the undisputed facts entitle it to judgment as a mater of law. For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## BACKGROUND

The following relevant facts are undisputed, unless specified otherwise. At all times relevant to this action, Plaintiff was an applicant seeking employment with Defendant Fire District. (Am. Compl. ¶ 4.) The Lisle-Woodridge Board of Fire Commissioners ("Board") is a statutorily created entity that is charged with the appointment, promotion, and removal of members of Defendant Fire District as provided by the Board of Fire and Police Commissioners Act, 65 ILCS 5/10-2/1-1 *et seq.* (Pl.'s Resp. to Def.'s SOF ("Pl.'s Resp.") ¶ 3.) The Board has adopted "Rules of the Board of Fire Commissioners, Lisle-Woodridge Fire Protection District"

---

1 The title "Fire-Medic" refers to a position that requires the performance of both firefighter and paramedic duties. (Def.'s Mem. of Law, Ex. 5; Pl.'s Resp. to Def.'s SOF ¶ 16.)

("Board Rules") to carry out its purpose as allowed by 70 ILCS 705/16.01 *et seq.* and 65 ILCS 5/10-2.1.1 *et seq.* (*Id.* at ¶ 4; Def.'s Mem. of Law, Ex. 1 ("Def.'s Ex. 1) p. 1.) Pursuant to the Board Rules, standards for testing and evaluation of applicants shall, *inter alia*, "be based on the suggestions of the [Fire] District's physician and other consultants as deemed appropriate by the Board and on the most current National Fire Protection Association (NFPA) guidelines." (Def's Ex. 1 p. 6.) NFPA 1582 is the Standard of Comprehensive Occupational Medical Program for Fire Departments used by the Board. (Pl.'s Resp. ¶ 7; Def.'s Mem. of Law, Ex. 2.) The Board Rules also dictate that the subject matter for all tests administered by the Board or its agent including medical examinations will "fairly test the capacity of the applicant to discharge the essential duties of the position to which the applicant seeks appointment." (*Id.* at p. 10.) Failure to meet any established minimum grade shall disqualify candidates from further participation in the testing process. The Board may rank candidates or evaluate them as "qualified" or "not qualified" based upon performance in elements in the testing process. (*Id.* at p. 11.)

In July 2003, the Fire District and the Board solicited applications for the position of firefighter/paramedic. (Pl.'s Resp. ¶ 16; Def.'s Mem. of Law, Ex. 5 ("Def.'s Ex. 5").) On July 11, 2003, Plaintiff submitted an application for employment with the Fire District. (Pl.'s Resp. ¶ 17.) In accordance with the Fire District's statutorily defined hiring procedures, Plaintiff was subjected to a written examination, a physical examination, and an oral interview. (*Id.* at ¶ 19.) Plaintiff submitted himself to the examinations and interview, and on April 19, 2005, the Fire District extended Plaintiff a conditional offer of employment. (*Id.* at ¶¶ 20-21.) The conditional offer was contingent upon Plaintiff's successful completion of a medical examination, drug screening, and an oral interview. (*Id.* at ¶ 21; Def.'s Mem. of Law, Ex. 7 ("Def.'s Ex. 7").) The conditional offer instructed Plaintiff to contact Edward Hospital, Corporate Health ("Edward

Hospital") to schedule a medical examination. (Def.'s Ex. 7.) The Fire District contracted with Edward Hospital to complete pre-employment fitness for duty examinations. (Pl.'s Resp. ¶ 22.)

In late April 2005, Plaintiff appeared at Edward Hospital to submit himself for the required drug screening and Part 1 of the medical examination. (*Id.* at ¶ 23.) Dr. Jeffrey Williamson-Link ("Dr. Williamson-Link"), a board certified physician in the specialty of occupational medicine, conducted Plaintiff's examination. (*Id.* at ¶ 24.) Dr. Williamson-Link had examined Plaintiff approximately two months earlier in February 2005 in connection with a medical examination required by a different fire department. (*Id.* at ¶ 26.) During the February 2005 examination, Plaintiff reported that he had a history of epilepsy and was under the treatment of a neurologist. (*Id.* at ¶ 27.) Dr. Williamson-Link testified that the NFPA Standard specified that to be considered fit for duty under NFPA 1582, an applicant with epilepsy must have completed five years without a seizure on a stable medical regimen or completed one year without a seizure after discontinuing all anti-epileptic drugs. (Def.'s Mem. of Law, Ex. 8 ("Williamson-Link Dep.") pp. 13-14; Def.'s Mem. of Law, Ex. 2 ("NFPA Standard") at 6.15.1.) In connection with the February 2005 examination, Dr. Williamson-Link spoke with Plaintiff's neurologist, Dr. Echiverri, to obtain additional information about Plaintiff's care and treatment. (Williamson-Link Dep. pp. 11-12.) Dr. Echiverri testified that he prescribed Depakote for Plaintiff beginning in October 2001 to treat Plaintiff's epilepsy. (Def.'s Mem. of Law, Ex. 3 ("Echiverri Dep.") p. 18.) After the February 2005 examination, Dr. Williamson-Link determined Plaintiff was not fit for duty as a firefighter based upon Plaintiff's medical history, the consultation with Dr. Echiverri, and the NFPA 1582 Standard. (Pl.'s Resp. ¶ 28; Williamson-Link Dep. p. 16.) Dr. Williamson-Link further determined that Plaintiff would not

be fit for firefighting duties until some time in the year 2006. (Williamson-Link Dep. pp. 13-14.)

When Plaintiff arrived at Edward Hospital in April 2005 for Part 1 of the pre-employment medical examination required by Defendant, Dr. Williamson-Link was familiar with Plaintiff and his medical history as a result of the February 2005 examination. (Pl.'s Resp. ¶ 29.) Dr. Williamson-Link obtained permission from the Fire District and Plaintiff to use records from Plaintiff's February 2005 examination. (*Id.* at ¶ 30.) Dr. Williamson-Link examined Plaintiff in late April and early May 2005. (Williamson-Link Dep. pp. 16-16.) Dr. Williamson-Link determined that Plaintiff was still within the five-year period that prohibited him from operating as a firefighter under the NFPA 1582 standard. (*Id.* at p. 18.) Dr. Williamson-Link sent a letter to the Fire District indicating that Plaintiff was "not medically cleared for fire duty activities." (*Id.* at p. 20; Def.'s Mem. of Law, Ex. 12.) Dr. Williamson-Link did not provide the Fire District with any information regarding the basis for his opinion that Plaintiff was not fit for duty as a firefighter. (Williamson-Link Dep. p. 20.)

On May 9, 2005, Dennis Callan ("Callan"), Chairman of the Board of Fire Commissioners for the Lisle-Woodridge Fire District, sent Plaintiff a letter informing him that Dr. Williamson-Link's recommendation to the Board was that Plaintiff was not medically cleared for firefighting duties based upon NFPA Standard 1582. (Def.'s Mem. of Law, Ex. 11 ("Callan Letter").) Neither the Board nor the Fire District received any medical information or records revealing the basis for Dr. Williamson-Link's determination.[2] (Def.'s Memo of Law, Ex. 9 ("Callan Aff.") ¶ 18.) At no time during the application and screening process, did Plaintiff inform the Board or the Fire District that he had been diagnosed with a seizure disorder. (*Id.* at

---

2 Plaintiff purports to dispute that the Fire District was "reasonably aware" of his medical condition. (Pl.'s Resp. ¶ 33.) Plaintiff failed, however, to provide any evidentiary support for this assertion. Thus, the Court deems as admitted the fact that the Fire District and Board were not aware of Plaintiff's medical condition. See L.R. 56.1(b)(3)(C).

¶¶ 8, 10, 14; Def.'s Mem. of Law, Ex. 4 ("Pl. Dep.") pp. 31, 35-36, 38, 40, 41-42, 46, 69.) Callan informed Plaintiff that his name was to be stricken from the firefighter eligibility list based on the medical criteria in the NFPA Standard. (*Id.*) The Fire District subsequently withdrew the conditional offer of employment it had extended to Plaintiff. (Answer to Am. Compl. ¶ 17.)

Plaintiff filed a complaint against the Fire District with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue letter on or about May 15, 2009. (Am. Compl. ¶ 3.) Plaintiff timely filed the instant action against the Fire District alleging: count I, a failure to hire due to physical handicap, and count II, a failure to hire due to perception of a physical handicap in violation of the ADA. The Fire District claims it is entitled to summary judgment in its favor because Plaintiff does not have a disability within the meaning of the ADA and because Plaintiff was not regarded as disabled by the Fire District.

## **LEGAL STANDARD**

Summary judgment is appropriate when the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006); FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and judgment as a matter of law should be granted in its favor. *Vision Church*, 468 F.3d at 988. Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto Servs. v. Lake County, Ill.,* 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the

moving party is not entitled to judgment as a matter of law. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255. To defeat a motion for summary judgment, a party may only rely upon admissible evidence. *See, e.g., Carlisle v. Deere & Co.*, 576 F.3d 649, 656 (7th Cir. 2009); *Gunville v. Walker*, 583 F.3d 979, 986 (7th Cir. 2009) ("[a] party may not rely upon inadmissible hearsay to oppose a motion for summary judgment").

A party moving for summary judgment in this district must comply with Local Rule 56.1. N.D. ILL. LR56.1(a). Under the rule, the moving party is required to file a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); LR56.1(a)(3). The opposing party is required to file a response, which in the event of a disagreement, includes specific references to the affidavits, parts of the record, and any other supporting materials relied upon. *Cracco*, 559 F.3d at 632; LR56.1(b)(3). When a responding party fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion. *Cracco*, 559 F.3d at 632.

## DISCUSSION

**1.     Plaintiff's *Prima Facie* Case For Failure to Hire Due to Physical Disability**

Defendants allege they are entitled to summary judgment because Plaintiff cannot establish a *prima facie* case for a violation of the ADA. To prove a *prima facie* case for discrimination under the ADA, a plaintiff must show: (1) that he is disabled; (2) that he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer took an adverse job action against him because of his

disability or failed to make a reasonable accommodation. *Winsley v. Cook County*, 563 F.3d 958, 603 (7th Cir. 2009). Defendant argues that Plaintiff has failed to establish genuine issues of material fact as to the first and second elements of his ADA claim.

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." *Id.* The major life activity at issue in the case *sub judice*, is Plaintiff's ability to work and earn a living. Plaintiff, by his own admission, asserts "[a]t all times relevant, my seizure disorder has not interfered with my life or with my enjoyment of major life activities." (Pl.'s Aff. ¶ 7.) Plaintiff cannot have it both ways. He cannot allege that he has a disability for purposes of holding the Fire District liable while at the same time asserting that his seizure disorder has no impact on his major life activities. Plaintiff's admission alone defeats his claim that the Fire District failed to hire him because of a disability. Therefore, the Court grants summary judgment in Defendant's favor on Count I of the Amended Complaint.

**2.   Plaintiff's *Prima Facie* Case For Failure to Hire Due to Perceived Physical Disability**

Plaintiff may still establish a *prima facie* case under the ADA if the Fire District regarded Plaintiff as having an impairment that substantially limits him in one or more of his major life activities. *Nese v. Julian Nordic Constr. Co.*, 405 F.3d 638, 641 (7th Cir. 2005). Under a "regarded as" claim, a plaintiff must prove that either: (1) the employer mistakenly believes plaintiff has a physical impairment that substantially limits a major life activity; or (2) the employer mistakenly believes that an actual, nonlimiting impairment substantially limits a major life activity. *Id.* The Seventh Circuit has emphasized that an employer does not regard a person as disabled simply by finding that the person cannot perform a particular job. *Branham v. Snow*, 392 F.3d 896, 904 (7th Cir. 2004). A "regarded as" claim turns upon the employer's state of

mind and a plaintiff must at least show that the employer was aware of his impairment. *Nese*, 405 F.3d at 643. A discrimination claim under the ADA will not be found where the plaintiff's disability is unknown. *Sanglap v. LaSalle Bank, F.S.B.*, 345 F.3d 515, 520 (7th Cir. 2003.)

Plaintiff has failed to show that the Fire District regarded him as having a substantially limiting impairment. There is no admissible evidence in the record demonstrating that the Fire District was aware of Plaintiff's seizure disorder. The admissible evidence establishes only that the Fire District was aware that Plaintiff was not medically cleared for duty as a firefighter. This medical diagnosis standing alone is insufficient to establish that the Fire District perceived Plaintiff as having a substantially limiting disability. *See, e.g., Burnett v. LFW Inc.*, 472 F.3d 471, 483 (7th Cir. 2006). Furthermore, an employer has no burden, and indeed lacks the ability, to accommodate a medical condition that it knows nothing about. *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998). The record evidence falls far short of showing that the Fire District had any inkling of the basis for the medical opinion let alone that the Fire District believed the reason why Plaintiff was not medically cleared had anything to do with a disability.

It is also worth noting that Plaintiff failed to present a triable issue on the "otherwise qualified" prong of his ADA claim. Plaintiff does not dispute that the Board and the Fire District evaluated candidates for employment using the NFPA 1582 standard applicable to fire departments. (Pl.'s Resp. ¶¶ 5-7.) Plaintiff admits that under Section 16.5.1 of NFPA 1582 "[a] candidate with epilepsy shall not be cleared for firefighting duty until he or she has completed 5 years without a seizure on a stable medicine regimen or 1 year without a seizure after discontinuing all anti-epileptic drugs." (*Id.* at 10.) Plaintiff's testimony establishes that he was diagnosed with a seizure disorder in August 2001 and his treating physician's testimony establishes that Plaintiff was first prescribed Depakote in October 2001. (Pl. Dep. p. 29;

Echiverri Dep. p. 18.) Plaintiff conceded that at the time of his 2005 medical examination for the Defendant Fire District, that he was still within the five year period prohibiting an individual taking medication for a seizure disorder from working as a fire fighter. (Pl. Dep. p. 63.) Thus, the undisputed evidence establishes that Plaintiff was not "otherwise qualified" for the fire-medic position. There being no evidence showing that Plaintiff was perceived by the Fire District as disabled or was otherwise qualified, Plaintiff cannot establish a *prima facie* case for being "regarded as" disabled in violation of the ADA. Accordingly, the Court enters judgment in favor of the Fire District on Count II of the Amended Complaint

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: April 14, 2011

Honorable Sharon Johnson Coleman
United States District Court